UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>TEMPUR-SEALY INTERNATIONAL, INC., et al.,<br><br>    Defendants. | Case No. 14-cv-01661-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT AND FOR RELIEF FROM JUDGMENT**<br><br>Re: Dkt. No. 75 |

Pending before the Court is Plaintiff Hartford Insurance Company's motion to alter or amend judgment and for relief from judgment. Dkt. No. 75 ("Motion"). For the reasons articulated below, the Motion is GRANTED IN PART and DENIED IN PART.

**I.   BACKGROUND**

Plaintiff filed this action on April 10, 2014, seeking a declaration that it does not have a duty to defend or a duty to indemnify Defendants Tempur-Sealy International, Inc. and Tempur-Pedic North America, LLC in the underlying action *Dodson, et al. v. Tempur-Sealy International, Inc., et al.*, Case No. 13-CV-04984 (N.D. Cal.) (the "Underlying Action"). Following cross-motions for summary judgment, the Court denied Plaintiff's motion for summary judgment and granted Defendants' motion for summary judgment, holding that Plaintiff possessed a duty to defend in the Underlying Action. Dkt. No. 73. The Court entered judgment in favor of Defendants on January 20, 2016. Dkt. No. 74. On February 25, 2016, Plaintiff filed the pending motion to alter or amend judgment and for relief from judgment.

Plaintiff's Motion requests that the Court (1) vacate its judgment as to Plaintiff's duty to indemnify; (2) reconsider its holding that Plaintiff possessed a duty to defend based on a legal interpretation of what constitutes an "occurrence"; (3) amend its finding that Plaintiff has a duty to

defend in light of recent developments in the Underlying Action; and (4) if the Court does not amend its ruling on that issue, certify the issue of Plaintiff's duty to defend for immediate appeal under Rule 54(b).

## II.   LEGAL STANDARD

A motion seeking post-judgment relief within 28 days of the district court's entry of judgment "is treated as a motion to alter or amend judgment under Rule 59(e)." *Gonzales v. City of Antioch*, 2015 U.S. Dist. LEXIS 165198 at *2 (N.D. Cal. Dec. 9, 2015). "There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations and citations omitted). Rule 59(e) is an "extraordinary remedy" that cannot be used to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n. 5 (2008); *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." *Turner*, 338 F.3d at 1063.

### A.   Duty to Indemnify

First, Plaintiff contends that the Court prematurely entered judgment as to the entire action when Defendants only moved for summary judgment as to Plaintiff's duty to defend. Mot. at 2-4.

In its January 20, 2016, order, the Court denied Plaintiff's motion for summary judgment and granted Defendants' motion for summary judgment, holding that Plaintiff possessed a duty to defend Defendants in the Underlying Action. Dkt. No. 73 at 12. Subsequently, the Court entered judgment in favor of Defendants and closed the case. *Id.*

The duty to indemnify only arises after damages in the Underlying Action are fixed. *See Certain Underwriters at Lloyd's of London v. Superior Court*, 24 Cal. 4th 945, 958 (2001). The Underlying Action is still proceeding before Judge Tigar, and thus the Court could not, and still cannot, determine whether Plaintiff possesses a duty to indemnify.

For avoidance of doubt, and consistent with the Court's January 20, 2016, order, the Court grants Plaintiff's request to amend the judgment to clarify that the Court was not asked to, and did not, grant summary judgment as to Count Two of the complaint regarding Plaintiff's duty to indemnify in the Underlying Action.

### B.   Duty to Defend

Next, Plaintiff asks the Court to amend its judgment regarding Plaintiff's duty to defend based on two arguments: (1) the Court erroneously defined "occurrence" as relevant to Plaintiff's insurance policy and (2) on January 28, 2016, Judge Tigar issued an order that allegedly limits the scope of the Underlying Action such that Plaintiff no longer possesses a duty to defend.

Rule 59(e) cannot be used to raise arguments that could have been raised prior to the Court's entry of judgment. *Exxon Shipping Co.*, 554 U.S. at 486 n. 5. Thus, the Court will not reconsider its interpretation of "occurrence" under California state law.

Further, the duty to defend is determined at the time the insured tenders the claim, "even where coverage is in doubt and ultimately does not develop." *Montrose Chem. Corp. v. Superior Court*, 6 Cal. 4th 287, 295 (1993). Plaintiff chose to move for summary judgment when it did, notwithstanding the self-evident certainty that Judge Tigar was going to issue any number of later orders in the Underlying Action. This Court addressed the question presented, as of the time the parties sought summary judgment, and found that Plaintiff possessed a duty to defend. Judge Tigar's subsequent January 28, 2016, order has no effect on whether the Court's January 20, 2016, order was correct when entered. It would be highly inefficient to expect the Court to continually revisit the duty to defend analysis, in a series of repeat summary judgment proceedings, based on every twist and turn in the Underlying Action. In any event, even considering Judge Tigar's order, Plaintiff still has not met its burden of showing that there is "no conceivable theory" that could bring the Underlying Action within the policy coverage. *See Pension Tr. Fund for Operating Eng'rs v. Fed. Ins. Co.*, 307 F.3d 944, 949 (9th Cir. 2002).

Accordingly, the Court denies Plaintiff's request to alter or amend its judgment on the duty to defend.

### C. Certification for Appeal

In light of the above, Plaintiff requests that the Court certify the issue of Plaintiff's duty to defend for immediate appeal. Mot. at 7-8. However, now that the parties have stipulated to dismiss without prejudice the unripe issue of Plaintiff's duty to indemnify, *see* Dkt. No. 83, the parties already possess a final appealable judgment. *See Sanford v. Motts*, 258 F.3d 1117, 1119 (9th Cir. 2001).

As such, the Court denies Plaintiff's request for certification.

### III. CONCLUSION

The Court GRANTS Plaintiff's request to amend its January 20, 2016, judgment to clarify that the Court was not asked to, and did not, grant summary judgment as to Count Two of the complaint regarding Plaintiff's duty to indemnify. The Court DENIES Plaintiff's Motion as to all remaining issues. The Court will issue an amended judgment consistent with this Order.

**IT IS SO ORDERED.**

Dated: May 16, 2016

*[signature]*
HAYWOOD S. GILLIAM, JR.
United States District Judge